UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

        -against-

GREG ZEHNER,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/15/2020_

19 Cr. 485 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Greg Zehner, is currently imprisoned at the Metropolitan Detention Center (the "MDC"). *See* Def. Mot. ¶ 2, ECF No. 32. He is serving a one-year and one-day sentence for his role in stealing and distributing oxycodone pills from pharmacies where he worked. *See* Gov't Letter at 1, ECF No. 34; *see* ECF No. 30. Zehner requests compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of COVID-19, because he "suffers from high blood pressure, asthma and depression," and was initially designated as high risk by the Federal Bureau of Prisons ("BOP"). Def. Mot. ¶ 4. For the reasons stated below, the motion is DENIED.

## BACKGROUND

On October 21, 2019, Zehner pleaded guilty to five counts of narcotics conspiracy and one count of conspiracy to possess narcotics through subterfuge, in violation of 21 U.S.C. §§ 841(a)(1), 843(a)(3), and 846. *See* October 21, 2019 Minute Entry. On February 18, 2020, the Court sentenced him to one year and one day's imprisonment, which he is currently serving at the MDC, and 36 months of supervised release. *See* ECF No. 30; Def. Mot. ¶ 2. Zehner, who is 38 years old, asserts that he suffers from high blood pressure, asthma, and depression. Def. Mot. ¶ 4; *see* Gov't Letter at 4. On March 27, 2020, Zehner's counsel was advised that he was on a BOP list naming inmates who are at "high risk" to COVID-19, based on the CDC's criteria. Def. Mot. ¶ 4. On March 30, 2020, Zehner submitted a request for release to the MDC warden. *Id.* ¶ 17.

Zehner's current release date is August 27, 2020. *Id.* ¶ 3. He requests that he be released now, however, and asks the Court to modify his term of imprisonment to time served, and impose a special condition that he serve a period of home confinement on supervised release. *Id.* at 1. Such a modification, Zehner argues, would allow him to complete the remaining portion of his sentence in home confinement, which will "permit him to protect himself from the spread of" COVID-19. *Id.*

The Government argues that Zehner's motion should be denied because (1) he has failed to exhaust his administrative remedies under § 3582(c)(1)(A) and (2) he has not demonstrated, on the present record, extraordinary and compelling reasons warranting relief. Gov't Letter at 3–4. The Government notes that in the Presentence Report, Zehner described his overall physical health as "good" and aside from high blood pressure, reported no other illnesses or medical conditions. *Id.* at 4. It contends that given Zehner's age, 38 years old, "the health description in the PSR does not appear to place Zehner in one of the categories at higher risk of severe COVID-19." *Id.*

The Government acknowledged that the PSR could be incomplete or inaccurate and that it had the requested medical records relevant to Zehner's claim from the BOP, but had not yet received a response. *Id.* The Court, therefore, directed the parties to submit additional medical evidence relevant to Zehner's health. *See* ECF No. 37. On April 13, 2020, the Government informed the Court that it had obtained Zehner's MDC medical records from the BOP and forwarded those records to Zehner's counsel. ECF No. 38 at 1. The records, however, do not indicate that Zehner suffers from asthma or other lung dysfunction. *Id.* "To the contrary, notes from a March 13, 2020 examination reflect that Zehner's lungs were clear and without crackles, rhonci, or wheezing." *Id.* Moreover, BOP's medical staff informed the Government that Zehner

was no longer included on the MDC's list of inmates at higher risk of severe COVID-19 illness and "does not know of any medical reason that Zehner would have been placed on an earlier version of that list." *Id.* at 2. On April 14, 2020, Zehner's counsel wrote to the Court and noted that although Zehner's "medical conditions include high blood pressure and depression, we have no additional medical records regarding his previous diagnosis of asthma" and "are not aware that [Zehner] continues to suffer from this condition." ECF No. 39 at 1.

## DISCUSSION

The Court need not reach the question of whether Defendant's failure to complete administrative exhaustion bars his application, because the request for release can be denied on the merits. Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) indicate that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). Extraordinary circumstances also exist where the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of

his or her term of imprisonment, whichever is less." *Id.* comment n.1(B).  Courts may also reduce a defendant's sentence for "an extraordinary and compelling reason other than, or in combination with, the reasons described in" those more specific provisions.  *Id.* comment n.1(D).

Notwithstanding the extraordinary scope and severity of the COVID-19 health crisis, Zehner, does not meet any of the above criteria.  He is less than 65 years old and although he suffers from high blood pressure and depression, he does not claim to have an underlying condition that indicates that he is at heightened risk for severe illness from COVID-19.  *See* Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness* (April 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

Many courts have granted modified sentences in light of COVID-19 for defendants with illnesses or injuries that make them particularly vulnerable to COVID-19.  *See, e.g.*, *United States v. Zukerman*, 16 Cr. 194, 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (collecting cases).  By contrast, in a case where those illnesses or injuries were absent, another court in this district recently denied such a request.  *See United States v. Haney*, No. 19 Cr. 541, 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020) (denying compassionate release where "unlike many of the prisoners who have applied in recent days for release because they suffer from asthma, diabetes, heart disease, or other deleterious health conditions that make them unusually vulnerable to the effects of COVID-19 — [the defendant] is in reasonably good health").  The Court likewise finds that Zehner has not demonstrated that extraordinary and compelling

circumstances warrant a reduction of his sentence.  The Court concludes, therefore, that Defendant is ineligible for release on the merits.[1]

## CONCLUSION

Accordingly, Defendant's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: April 15, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] In so ruling, the Court does not pass on the administrative exhaustion question posed in this case, and does not abandon its position expressed in prior orders with respect to the exhaustion of administrative remedies under certain circumstances.  *See Zukerman*, 2020 WL 1659880, at *4 (granting compassionate release); *United States v. Perez*, No. 17 Cr. 513, 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (same).