| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>UNITED STATES OF AMERICA,<br><br>             -against-<br><br>GREG ZEHNER,<br>                              Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __6/8/2020__<br><br>19 Cr. 485 (AT)<br><br>**<u>ORDER</u>** |

ANALISA TORRES, District Judge:

Defendant, Greg Zehner, is currently imprisoned at the Metropolitan Detention Center (the "MDC"). *See* Def. Mot. ¶ 3, ECF No. 41. He is serving a one-year and one-day sentence for his role in stealing and distributing oxycodone pills from pharmacies where he worked. *See* Gov't Letter at 1, ECF No. 43; *see* ECF No. 30. On April 6, 2020, Zehner moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of COVID-19 and because he was initially designated as high risk by the Federal Bureau of Prisons ("BOP"). Def. Mot. ¶ 2. The Court denied that request, holding that Zehner had not "demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence." *United States v. Zehner*, No. 19 Cr. 485, 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020). On May 29, 2020, Zehner filed a second motion for compassionate release arguing that the measures taken at MDC in light of COVID-19 are so restrictive as to amount to cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution. Def. Mot. at 1. For the reasons stated below, the motion is DENIED.

## BACKGROUND

On October 21, 2019, Zehner pleaded guilty to five counts of narcotics conspiracy and one count of conspiracy to possess narcotics through subterfuge, in violation of 21 U.S.C. §§ 841(a)(1), 843(a)(3), and 846. *See* October 21, 2019 Minute Entry. On February 18, 2020,

the Court sentenced him to one year and one day's imprisonment, which he is currently serving at the MDC, and 36 months of supervised release. *See* ECF No. 30.

Zehner's current release date is August 27, 2020. Def. Mot. ¶ 1. The BOP is prepared to release him to home confinement on July 23, 2020. *See id.* ¶ 10; Gov't Letter at 2. He requests that he be released now, however, and asks the Court to modify his term of imprisonment to time served, and impose a special condition that he serve a period of home confinement on supervised release. Def. Mot. at 1. Such a modification would allow Zehner to complete the remaining portion of his sentence in home confinement, which will "remove him from the unbearable living conditions, that he is currently subjected to by virtue of" the COVID-19 lockdown. *Id.*

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.*

Zehner's first motion argued that compassionate release was appropriate because the combination of (1) COVID-19, (2) his personal health, and (3) BOP initially designating him as high risk, constituted "extraordinary and compelling circumstances" warranting a reduction in sentence. *Zehner*, 2020 WL 1892188, at *1. Zehner's second motion, however, argues that the extraordinary and compelling circumstances that favor a reduction in sentence are the conditions of confinement at the MDC: minimal time outside of his cell, insufficient access to counsel, and inadequate food, including being "forced to volunteer to work without proper protective equipment, simply to get extra food from the kitchen." Def. Mot. ¶ 5. He argues that these

conditions amount to cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution.  Def. Mot. ¶ 3.

Although styled as a request for a reduction in sentence pursuant to 18 U.S.C. § 3582, Zehner's motion is more akin to a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, because it challenges his conditions of confinement.  *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."); *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence— is properly filed pursuant to § 2241.").

"But to entertain a habeas petition under § 2241, a court must have jurisdiction over the petitioner's custodian."  *United States v. Needham*, No. 06 Cr. 911, 2020 WL 2512105, at *2 (S.D.N.Y. May 15, 2020); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]he proper respondent to a habeas petition is the person who has custody over the petitioner." (internal quotation marks, citation, and alteration omitted)).  Venue for a habeas petition under § 2241, therefore, generally lies in the district of confinement.  *See id.* at 442.  Because Zehner is detained at the MDC, in the custody of the MDC's warden, located in Kings County, venue lies in the Eastern District of New York.  *See Needham*, 2020 WL 2512105, at *2 (holding that proper venue was in the Eastern District of New York for claim brought by defendant detained at the MDC because defendant's custodian was the MDC's warden and that although defendant brought claim under 18 U.S.C. § 3582, it was more akin to a habeas petition under § 2241); *see also United States v. Haney*, 2020 WL 1821988, at *8 (S.D.N.Y. April 13, 2020) (rejecting

§ 3582 motion brought by MDC inmate and also rejecting alternate request that motion be construed as § 2241 petition).

Although the Court acknowledges that COVID-19, in conjunction with measures taken by the BOP in response, have drastically altered the conditions of confinement at MDC for individuals detained there, if Zehner wants judicial relief on this basis of the Eighth Amendment, he must file suit in the United States District Court for the Eastern District of New York.

Accordingly, Defendant's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 41.

SO ORDERED.

Dated: June 8, 2020
       New York, New York

                                                        ANALISA TORRES
                                         United States District Judge